UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DYLAN MICHAEL SIMPSON,

                  Plaintiff,

        -against-

THE FIELDS COMMUNICATION
COMMISION,

                  Defendant.

26-CV-2674 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, proceeding *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendant violated his rights.  By separate Order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 4.) The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim "is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555).  The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Id.* at 678-79.  After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint. Plaintiff brings this action against the "Fields Communication Commission," by which he likely means the Federal Communications Commission, and, possibly, against the Environmental Protection Agency.  (*See* ECF No. 1, at 4.)  Plaintiff brings this suit under the Court's federal question jurisdiction, citing 18 U.S.C. § 242, which is a criminal statute, and states that he is asserting claims for "Death marching," "Attempt of murder," "torture by cyber communications," and "deprivation of religion."  (*Id.* at 2.)

Plaintiff states that the events giving rise to his claims occurred in Downtown Manhattan on March 31, 2026. He alleges,[1]

---

[1] Plaintiff writes using irregular capitalization.  For readability, the Court uses standard capitalization when quoting from the complaint.  All other spelling, grammar, and punctuation appear as in the complaint unless otherwise noted.

> (the Fields Communication Commision is "slave walking me" by vehicle assault and harrassment, theyve also worked in my attempt of drowning in a separate state in/and in my the attempt of my murder by drowning for the (Environmental Protection Agency) in a post 9-11-2001 hate crime, where (FCC) and (EPA) wont stop forcing me to walk and kill me and hurt me in hospitals/jails/and prisons by vehicles and people who work for (the Fields Communication Commission) and the Environmental Protection Agency as accomplices also refusing the right to practice Islam because of September 11, 2001.

(*Id.* at 5.)

Plaintiff describes his injuries as "kidney disease, the attempt of drowning almost resulting in death, cyber abuse, male body change, (unpermissed) forced 2 years of walking, and deprivation of religion." (*Id.* at 6.) Plaintiff seeks $500,000.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff's allegations are incoherent. The Court is unable to identify (1) any legal basis for his claims against Defendant, which appears to be a federal agency, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at

3

437.  The Court therefore dismisses the complaint as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  A court, however, has the inherent power to dismiss without leave to amend or replead where the claim pleaded is frivolous or where amendment would otherwise be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Plaintiff's complaint does not suggest that he could provide facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Court dismisses this action, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

4

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    April 27, 2026
          New York, New York

          /s/ Kimba M. Wood
              KIMBA M. WOOD
          United States District Judge

5